UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| **EMERALD COAST UTILITIES AUTHORITY,**<br><br>Plaintiff,<br><br>v.<br><br>**3M COMPANY, E.I. DUPONT DE NEMOURS AND COMPANY, SOLUTIA, INC., AND FIRE RAM INTERNATIONAL, INC.,**<br><br>Defendants. | Case No. 3:09cv361/MCR/MD |

**PROTECTIVE ORDER**
<u>**GOVERNING CONFIDENTIAL INFORMATION**</u>

This matter came before the Honorable M. Casey Rodgers, Judge of the United States District Court for the Northern District of Florida, on November 12, 2009, upon the joint motion of the parties for entry of a Confidentiality Order pursuant to Rule 26.

Based upon the submissions of counsel and all of the files and proceedings herein,

**IT IS HEREBY ORDERED:**

**I. DEFINITIONS**

1. As used in this Order, the term "DOCUMENT(S)," INFORMATION OR OTHER THING(S)" includes, but is not limited to, interrogatory responses, responses to requests for production of documents and things, responses to requests for admissions, deposition testimony upon oral or written examination, deposition exhibits, motions, affidavits, exhibits, and any other "writings and recordings," as defined in Rule 1001(1) of the Federal Rules of Evidence, made available or produced by the parties and/or submitted to the court during this action. "DOCUMENT(S), INFORMATION OR OTHER THING(S)" also includes data that is available electronically on computer systems.

2. As used in this Order, a "PRODUCING PARTY" is a party producing or disclosing DOCUMENT(S), INFORMATION OR OTHER THING(S) in this action, and a "RECEIVING PARTY" is a party to which such DOCUMENT(S), INFORMATION OR OTHER THING(S) are produced or disclosed in this action.

**III. PROTECTIVE ORDER**

1. To facilitate the expeditious production of DOCUMENT(S), INFORMATION OR OTHER THING(S) in this matter and the conduct of deposition discovery, the following materials shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order:

  d. All DOCUMENT(S), INFORMATION OR OTHER THING(S) produced or made available for inspection and copying by any party. Such DOCUMENT(S), INFORMATION OR OTHER THING(S) shall be

marked with a legend designating the document as "CONFIDENTIAL INFORMATION: Subject to Protective Order in ECUA v. 3M, et al., No. 3:09cv361/MCR/MD" or "HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION: Subject to Protective Order in ECUA v. 3M, et al., No. 3:09cv361/MCR/MD" and shall be deemed confidential subject to this Order, until such time as they are deemed by the Court pursuant to the provisions of this Order, or by consent of the PRODUCING PARTY, not to be confidential. From and after the date of this Order, the parties are to use the aforementioned Confidentiality Designations to designate DOCUMENT(S), INFORMATION AND OTHER THING(S) as confidential;

e. All DOCUMENT(S), INFORMATION OR OTHER THING(S) produced by any other person or entity that bear a legend designating the document and/or material as "CONFIDENTIAL INFORMATION: Subject to Protective Order in ECUA v. 3M, et al., No. 3:09cv361/MCR/MD" or as "HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION: Subject to Protective Order in ECUA v. 3M, et al., No. 3:09cv361/MCR/MD";

f. All deposition testimony or expert report, by a party or by a current or former director, officer, agent or employee of a party, or any expert witness testifying in the case, or any witness to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-

   RESTRICTED ACCESS INFORMATION under subparagraph (a) is disclosed;

g. Any summary, compilation, notes, copy, electronic image or database, or any other motions, pleadings, documents or materials, produced from, containing, or reflecting CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION under subparagraphs (a) or (b); and

h. Privilege logs generated by any party for this lawsuit.

2. CONFIDENTIAL INFORMATION shall not be disclosed to anyone other than a party (including current officers, directors, employees, or agents of a party), an attorney of record for a party and such attorney's support staff, a formally designated expert witness, or an independent consultant or third-party litigation support expert or vendor engaged in connection with ECUA v. 3M, et al., No. 3:09cv361/MCR/MD. HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION shall not be disclosed to any person other than counsel representing any Party in connection with this litigation, or with the consent of the Parties' counsel in writing before the proposed disclosure to a formally designated expert witness, an independent consultant or third-party litigation support expert or vendor engaged in connection with ECUA v. 3M, et al., No. 3:09cv361/MCR/MD, or such other persons as the Parties' counsel have consented to in writing before the proposed disclosure or as otherwise ordered by the Court. In-house counsel for the Parties, in-house counsel's support staff and any in-house expert a Party anticipates will be formally designated as an expert in this case may receive HIGHLY CONFIDENTIAL-RESTRICTED

ACCESS INFORMATION under the terms of this Order. In-house counsel, their support staff and an in-house expert entitled to receive HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION by this paragraph are obligated not to use such information for purposes outside of this litigation and to protect such information from further disclosure within their company to any officers, executives, or others who are not entitled under this paragraph to receive HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION, including any such persons to whom the in-house counsel report. Before CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION is disclosed to any formally designated expert witness, independent consultant, or third-party litigation support expert or vendor, each person to whom the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION is disclosed shall read a copy of this Stipulated Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Non-Disclosure Agreement ("NDA") annexed hereto as Exhibit A. Counsel for the party obtaining a person's signature on the NDA shall retain the original signed NDA, and if the Court so orders, shall provide a copy of the signed NDA to all counsel of record.

3. Any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION shall be used only for the litigation between the parties in this action, shall not be used for any business, financial, or other purpose whatsoever, and may not be electronically stored, distributed, disseminated, transmitted, or maintained in any location accessible to any person or entity other than the parties and

attorneys of record (and their support staff) for Plaintiff and Defendants, and their respective experts, consultants or litigation support vendors.

4. Any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION may be used by any party at any hearing or trial of this action subject to the rules of evidence and the requirements of this Order, or such other Order as the Court may enter. Prior to introducing into evidence or otherwise disclosing at trial, or in motions, briefs, pleadings or other papers filed with the Court, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION, the parties shall agree on a procedure to maintain confidentiality and such procedure shall be submitted to the Court for its approval.

5. If subsequent to being furnished any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION, a party ("THE OBJECTING PARTY") wishes, based on a good faith belief that the material or testimony is not entitled to protection under Rule 26, to challenge whether the material or testimony should in fact be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION under this Stipulated Protective Order, the OBJECTING PARTY shall give written notice to all other parties in this case, identifying on a document by document basis for written materials and by page and line number for testimony, each specific material and/or section of testimony that the OBJECTING PARTY contends is not properly designated as confidential. Thereafter, the parties shall promptly meet and confer in an effort to resolve any disagreement with respect to the confidentiality of each such document or any such testimony. If the parties cannot resolve the dispute,

the PRODUCING PARTY or any other party with an interest in maintaining the confidentiality of the challenged material must then file a motion for protective order with the Court within 30 days of the parties' meeting to preserve the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION status of such materials or testimony. Any such motion will be evaluated under applicable principles of federal law. All materials and testimony subject to these procedures will continue to be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION until any such motion is finally resolved, including any appeal.

6.     For purposes of resolving any dispute regarding the confidentiality of any information, pursuant to the procedures set forth in the preceding paragraph, the parties and the Court (or a special master appointed by the Court) will, without limitation, consider the following types of information or data to warrant protection from disclosure to the public: (a) Personal medical information, (b) environmental planning information with strategic implications, (c) unpublished draft reports and manuscripts, including draft or raw analytical data that is not final, (d) information implicating a party's security, including documents that fall under Department of Homeland Security protection, (e) private personnel/employment information, and (f) l preservation notices, records retention policies, privilege logs, and similar documents. Information warranting protection as HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION under this Order shall include any CONFIDENTIAL INFORMATION which contains market-related information, customer information, product information or trade secrets including without limitation product

Case No.: 3:09cv361/MCR/MD

formulas, specifications, recipes, manufacturing and application processes or the development of new products or technologies.

7.  If any government entity or agency or third party requests CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION through subpoena or otherwise directed to a party other than the party originally producing the materials in this action, the party receiving the request shall immediately notify the PRODUCING PARTY of the request.  The PRODUCING PARTY shall have standing to object to the request, and the RECEIVING PARTY shall not challenge this standing.  If the party receiving the request must produce information or material designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION to the government, the party must follow the governmental entity's or agency's rules for maintaining the confidentiality of such material.  If the party receiving the request must produce information or material designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION to a third party, the party will take appropriate steps to maintain the confidentiality of such information or material.

8.  Third parties that produce documents in this litigation may obtain protection under this Order by agreeing to the terms of this Order and executing Exhibit A to this Order.

9.  Notwithstanding the good faith efforts of a party responding to any request for discovery in this matter to make a reasonable and diligent effort to assert any claims of attorney-client privilege, work-product protection or other recognized privilege when

responding to any request for discovery, inadvertent disclosure of such information may occur. In the interest of expediting discovery in these proceedings and avoiding unnecessary costs: (a) inadvertent disclosure in this litigation of privileged information shall not constitute a waiver of any otherwise valid claim of privilege; and (b) failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. Upon notice by the PRODUCING PARTY, such inadvertently disclosed (whether produced, made available for inspection, or otherwise disclosed) documents or information shall be promptly returned to the PRODUCING PARTY, together with all copies thereof, and any notes made by the REQUESTING PARTY with respect to such documents or information shall be destroyed. Nothing in this paragraph shall preclude any party from challenging a claim of privilege as to any document on any basis other than an inadvertent waiver of privilege.

10. An inadvertent disclosure of any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION shall not be a violation of this Order. If any party is responsible for any inadvertent disclosure, that party will take all reasonable steps to remedy the inadvertent disclosure, including, but not limited to, retrieving all copies of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION, informing the recipients of such DOCUMENT(S), INFORMATION OR OTHER THING(S) of their confidential nature and informing the PRODUCING PARTY as well.

Case No.: 3:09cv361/MCR/MD

11. Any party hereto that claims improper disclosure of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or HIGHLY CONFIDENTIAL RESTRICTED ACCESS INFORMATION or any other violation of this Order shall notify counsel for the party making the alleged improper disclosure or other alleged violation of this Order in writing of the basis of the claim. Counsel for the party making the alleged improper disclosure or other alleged violation of this Order will respond in writing within ten (10) days and the parties will meet and confer to try to resolve the dispute. If the parties cannot resolve the dispute, the matter will be brought before the Court for resolution. Until the Court issues a ruling on the dispute, and until any and all proceedings and interlocutory appeals challenging such alleged violation have been concluded, the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION at issue in the dispute shall continue to be deemed confidential under the terms of this Order. This Order does not affect the burden of proof, which remains with the party seeking to protect or preserve confidentiality and/or otherwise remedy the alleged violation of this Order.

12. It will be in the Court's discretion to award costs and appropriate attorney's fees to the prevailing party in any dispute over alleged improper and knowing and/or intentional disclosure of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION in accordance with applicable law.

13. The Court shall retain jurisdiction over the enforcement of this Order notwithstanding the termination of this action.

Case No.: 3:09cv361/MCR/MD

14. Nothing in this Order shall restrict a PRODUCING PARTY's ability to control, manage, or disseminate its own documents or information, even if such material is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION. A party's management or dissemination of its own material shall not affect the materials' status as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION.

15. The parties will follow this Protective Order, and the protections it affords, in producing documents or other material, or making documents or other material available for inspection and selection, in this action. This Protective Order, and the protections it affords, will facilitate discovery in this action.

16. Within a reasonable time period to be mutually agreed upon after the expiration of the last applicable deadline for the last permitted appeal, rehearing or reconsideration related to this action, CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION that are produced or disclosed pursuant to this Order shall be returned to counsel of record of the party who produced or disclosed them. Alternatively, the party receiving CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION shall have the option of destroying all CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) and all HIGHLY CONFIDENTIAL-RESTRICTED ACCESS INFORMATION and providing an affidavit from its counsel of record to the party in this action who produced or disclosed the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or HIGHLY

CONFIDENTIAL-RESTRICTED ACCESS INFORMATION that the party in possession thereof has destroyed all copies of such confidential documents.

Date:  November 13, 2009   BY THE COURT:


 s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

# Exhibit "A"

# NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Stipulated Protective Order entered in ECUA v. 3M, et al., No. 3:09cv361/MCR/MD, in the United States District Court for the Northern District of Florida. I agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further order of the Court. I consent to the jurisdiction of the United States District Court for the Northern District of Florida, for purposes of enforcing that Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20____, at _____.

> Signed: _____
> Name (printed): _____
> Employer: _____
> Business Address: _____
> _____